IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50307
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHARLIE LEE FRANKS,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. CR-A-93-104
- - - - - - - - - -
June 26, 1996
Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charlie Lee Franks appeals the sentence imposed at resentencing following his guilty-plea conviction for possession of marijuana with intent to distribute, possession of a firearm by a convicted felon, and money laundering. Franks contends that the district court clearly erred in finding that he violated the conditions of his release and denying him a three-level reduction for acceptance of responsibility under § 3E1.1 of the U.S.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Sentencing Guidelines.  The district court's determination that Franks violated the conditions of his release was supported by reliable information in the Presentence Report.  United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).  It was not improper for the district court to deny a reduction for acceptance of responsibility based on Franks' failure to comply with the conditions of his release.  See United States v. Hooten, 942 F.2d 878, 882-83 (5th Cir. 1991).

Franks also argues that the district court clearly erred in determining that he was an organizer or leader in criminal activity involving five or more participants and increasing his offense level by four points under § 3B1.1 of the U.S. Sentencing Guidelines.  The district court's determination that Franks' drug-trafficking scheme involved five individuals including Franks was supported by reliable information contained in the Presentence Report.  See Vital, 68 F.3d at 120.  The district court did not clearly err in determining that Franks' offense level should be increased due to his role as an organizer or leader in the overall drug-trafficking scheme pursuant to § 3B1.1.  See United States v. Eastland, 989 F.2d 760, 769 (5th Cir.), cert. denied, 114 S.Ct. 246 (1993).

AFFIRMED.